**Ronald Lee WALLACE,
Plaintiff–Appellant,**

v.

**Mike FRANKLIN, et al., Defendants–
Appellees.**

**No. 02–4308.**

United States Court of Appeals,
Sixth Circuit.

May 6, 2003.

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

*ORDER*

Ronald Lee Wallace, an Ohio Prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 20, 2002, Wallace filed a complaint against the following officials

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

employed by the Ohio Department of Rehabilitation and Correction: Correctional Officers Mike Franklin, Captain Beckinger, Officer Janue and Officer Carter, and Warden James Schotten. Relying upon the Eighth Amendment, Wallace alleged that in August 1995, he was subjected to excessive use of force. Specifically, Wallace alleged that Franklin "twisted and broke" both of his ankles after he had been handcuffed with his hands behind his back. According to Wallace, the remaining defendants were aware of Franklin's actions, but did not try to stop Franklin. Wallace sought monetary relief and disciplinary action against each defendant.

Along with his complaint, Wallace submitted a motion to proceed in forma pauperis. On October 16, 2002, the district court dismissed the action without prejudice pursuant to the provisions of 28 U.S.C. § 1915(g). Wallace filed a timely appeal and paid the appellate filing fee.

The "three strikes" provision of § 1915(g) prohibits a prisoner from initiating a civil action or appealing a judgment in a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act ("PLRA"), the "three strikes" provision became effective on April 26, 1996. *Wilson v. Yaklich,* 148 F.3d 596, 602 (6th Cir.1998). However, "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Id.* at 604.

Upon review, we conclude that the district court properly dismissed Wallace's complaint without prejudice. Wallace has had at least six previous lawsuits dismissed as frivolous or for failure to state a claim. The fact that the dismissals of those cases occurred prior to the effective date of the PLRA is of no consequence. *See id.* In addition, Wallace did not allege any facts to establish that he was in imminent danger of serious physical injury when he filed the instant complaint. Thus, Wallace's complaint did not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis. *See* 28 U.S.C. § 1915(g). Because Wallace's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.